Durbin v. Durbin.

### John W. Durbin v. Lillian B. Durbin.

1.  EQUITY—*Power of Court to Enforce its Decrees.*—A court of equity has power to enforce its decrees by lawful methods, and an execution is a lawful method of enforcing the payment of money.

2.  SEPARATE MAINTENANCE—*Decree for May be Modified at Any Time.*—A decree for separate maintenance may, at any time, upon due notice, be amended or modified, as justice and equity may require.

**Separate Maintenance.**—Appeal from the Circuit Court of Fayette County; the Hon. JAMES A. CREIGHTON, Judge, presiding.  Heard in this court at the August term, 1897.  Affirmed.  Opinion filed September 11, 1897.

F. M. GUINN, attorney for appellant.

ALBERT & WEBB, attorneys for appellee.

MR. JUSTICE WORTHINGTON DELIVERED THE OPINION OF THE COURT.

At the February term, A. D. 1896, of the Fayette County Circuit Court, a decree for separate maintenance, in favor of appellee, was entered, ordering appellant to pay appellee $10 a month.  In accordance with this decree, payments were made up to and including the month of September, 1896, after which date nothing was paid.  On the 30th of March, 1897, appellee filed her petition to modify the decree so as to authorize an execution to issue to collect the unpaid

installments. Due notice was given, and the motion was contested by appellant. Upon the hearing, the court found "that the decree heretofore rendered did not sufficiently provide for its execution, and that it did not provide for the issuing of an execution to enforce the payments of such monthly allowances, and that there is now due petitioner $60, as provided by said decree." Upon this finding the court decreed as follows: "It is therefore ordered, adjudged and decreed by the court that the decree heretofore rendered in this cause be so modified, and it is hereby so modified, that an execution shall issue immediately against the lands and tenements, goods and chattels of the said John W. Durbin, for the sum of $60, now found to be due Lillian B. Durbin, together with the costs of this proceeding, which are taxed against John W. Durbin." From this order this appeal is prosecuted.

The decree for separate maintenance, so far as the amount to be paid and the times of payment is concerned, still remains in full force and effect, as originally entered. It is in no wise changed or its operation arrested by the bill for divorce since filed by appellant, and still pending undecided in court.

The modification of the decree complained of consists only in providing an ordinary method for collecting judgments and enforcing decrees, namely, the issuance of an execution against the property of the delinquent debtor. If appellant had obeyed the original order of the court the amendment of the decree would not have been necessary. Standing in default he has no right to complain of a legitimate method taken to enforce an order which he disobeys. A court of chancery has power to enforce its decrees by lawful methods, and an execution is a lawful method of enforcing the payment of money. Besides this, a decree for separate maintenance may, at any time, upon due notice, be amended, or modified, as justice and equity may require.

The decree of the Circuit Court is affirmed.

Justice CREIGHTON, having made the order appealed from, takes no part in the decision of this case.